UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIAM LEE LIDELL,

    Plaintiff,

v.                                          Case No.  5:19-cv-46-MCR/MJF

JULIE L. JONES and PAYNE,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Plaintiff's failure to respond to the order to show cause issued by this court on May 6, 2019. (Doc. 8). For the following reasons, the undersigned recommends that the present action be **DISMISSED** without prejudice for failure to pay the filing fee and failure to comply with two court orders.[1]

**I.**    **Background**

On February 12, 2019, Plaintiff, an inmate of the Florida Department of Corrections ("FDOC"), filed this action pursuant to 42 U.S.C. § 1983. Plaintiff named two defendants. (Doc. 1 at 1-2). Plaintiff alleges that the defendants violated

---

[1] The case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

the Eighth and Fourteenth Amendments to the United States Constitution when they failed to evacuate Plaintiff during a hurricane. For relief, Plaintiff seeks $808.00 so that he can replace his trial transcripts that purportedly were damaged by the hurricane.

On March 14, 2019, the undersigned denied Plaintiff motion for leave to proceed *in forma pauperis* in light of its deficiencies. The Undersigned ordered the Plaintiff to either file a complete motion to proceed *in forma pauperis* or pay the $400 filing fee. (Doc. 7). The undersigned gave Plaintiff thirty days to comply and warned Plaintiff that failure to comply likely would result in dismissal of this action. (*id*. at 3).

Plaintiff did not pay the filing fee and did not submit a proper motion to proceed *in forma pauperis*. On May 6, 2019, the undersigned issued a Show Cause Order directing the Plaintiff to explain why this case should not be dismissed for: (1) failure to comply with an order of the court; (2) failure to pay the filing fee or file a motion to proceed *in forma pauperis*; and (3) failure to prosecute. (Doc. 8). The undersigned imposed a thirty-day deadline to comply and again warned the Plaintiff that his failure to comply likely would result in dismissal of this action.

As of today, Plaintiff still has not paid the filing fee, submitted a complete motion to proceed *in forma pauperis*, or responded to the undersigned's orders.

## II.   Discussion

The undersigned recommends that this Court dismiss Plaintiff's complaint for two reasons: (1) Plaintiff failed to pay the filing fee; and (2) he failed to comply with two court orders.

### A.   Failure to Pay the Filing Fee or Seek to Proceed *in forma pauperis*

The Prisoner Litigation Reform Act of 1995, Pub. L. No. 104–134, 110 Stat. 1321 (1996) ("PLRA"), was enacted "[i]n an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc). In pursuit of that goal, the PLRA amended portions of 28 U.S.C. § 1915 to require the payment of filing fees by prisoners proceeding in the district court. *Id.* The PLRA "clearly and unambiguously requires" payment of the filing fee, even if that is done in installments. *Hubbard v. Haley*, 262 F.3d 1194, 1197 (11th Cir. 2001) (quoting 28 U.S.C. § 1915(b)(1)); *see Wilson v. Sargent*, 313 F.3d 1315, 1318 (11th Cir. 2002) (citing 28 U.S.C. § 1915(3)(b)(1)). Thus, a "party who files . . . a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis*." N.D. Fla. Loc. R. 5.3.

Local Rule 41.1 for the Northern District of Florida provides that "the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken" if a party fails to comply with an applicable rule or court order. N.D.

Fla. Loc. R. 41.1 But before a court may dismiss an action for failure to pay the filing fee, the court must first afford the plaintiff an opportunity to explain the failure. *See Wilson*, 313 F.3d at 1320-21; *see also Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014). If a prisoner-litigant "does not comply with the district court's directions" to pay the filing fee or complete a motion to proceed *in forma pauperis* nor offers an explanation for his failure to do so, "the district court must presume that the prisoner is not a pauper, assess the entire filing fee, and dismiss the case for want of prosecution." *Bomer v. Lavigne*, 76 F. App'x 660, 661 (6th Cir. 2003).

Here, the undersigned ordered the Plaintiff to either pay the filing fee or file a motion for leave to proceed as a pauper. (Doc. 7). The undersigned warned the Plaintiff that the failure to comply with the court order likely would result in dismissal of this action. The undersigned subsequently issued an order to show cause, giving the Plaintiff thirty days to explain why he failed to pay the filing fee or submit a motion for leave to proceed *in forma pauperis*. (Doc. 8); *See Wilson*, 313 F.3d at 1320-21; *see also Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014). In that order, the undersigned again warned the Plaintiff that his failure to pay the filing fee, seek leave to proceed *in forma pauperis,* or explain his failure to comply with the court's previous order likely would result in dismissal of this action. (Doc. 8). Despite these warnings and an opportunity to explain his failure

to comply, Plaintiff has neither explained his failure nor paid the filing fee. For this reason, the undersigned recommends that this case be dismissed without prejudice.

### B. <u>Failure to Comply with Court Orders</u>

The Plaintiff failure to comply with two court orders is yet another reason to dismiss this case.

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1. "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an

order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1) The duration of Plaintiff's failure to comply.** The undersigned issued the order for the Plaintiff to file a motion to proceed *in forma pauperis* or pay the filing fee on March 14, 2019 and gave Plaintiff thirty days to comply. On May 6, 2019, approximately two months after the initial order, the undersigned issued an order to show cause and gave the Plaintiff another thirty days to comply. Plaintiff has not complied with that order. Thus, Plaintiff has failed to comply with court orders for over two months.

**(2) Plaintiff's failure to comply with two orders.** The Plaintiff has failed to comply with two orders:

    a.    the order issued on March 14, 2019; and

    b.    the order issued on May 6, 2019.

**(3) Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned twice warned Plaintiff that failure to comply with the respective orders likely would result in dismissal. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal

upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Despite these warnings, Plaintiff has not responded and has not complied with this court's orders.

**(4) Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because dismissal is without prejudice, Plaintiff may elect to refile his claim should he choose to pursue it in the future. Furthermore, he has not paid the filing fee, so he will not forfeit any money. Thus, dismissal will not result in substantial prejudice to him.

**(5) The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** The Plaintiff has been afforded an opportunity to be heard and has received due process. The court's need to ensure that filing fees are paid and that court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted, outweighs any due process right that Plaintiff may have in this case remaining open.

**(6) The public policy favoring disposition of cases on their merits.** Plaintiff has not made any effort to comply with court orders, pay the filing fee, or prosecute this action. The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition, the

need to ensure that filing fees are paid, and the need to ensure compliance with court orders.

**(7) The fact that any lesser sanction would be inefficacious.** Plaintiff has failed to comply with two court orders. His past conduct suggests that he likely would ignore any further orders to comply. Insofar as he is already incarcerated and presumably indigent, it is unlikely that imposition of a fine or a finding of contempt would motivate the Plaintiff. Dismissal is the most appropriate sanction to address the important interests discussed above.

## III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED without prejudice** for Plaintiff's failure to pay the filing fee and failure to comply with court orders.

2. The clerk of court be directed to close the case file.

At Panama City Beach, Florida, this 5th day of July 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.